Good morning, may it please the court. My name is Peter Wolfe. I represent Roberto Miguel and Mr. Edwards from the sitting of counsel table represents Mr. Jose. I'll be principally conducting the argument, although maybe if I say the wrong thing, Mr. Edwards will leap to his feet. Well, we hope not. Yes, I hope not. Would you please speak up? Yes. Thank you. And I would like to try to reserve five minutes for rebuttal depending on how things go. The question that's presented here in this case is a question of double jeopardy. And it's slightly unusual only in the sense that while the principles are clear, the exact fact situation is a bit unusual, because generally double jeopardy cases come up when there's either been an acquittal or an implied acquittal. And here that's not the case here. What happens is the government pursued in a trial in the first trial in this matter, five separate counts which actually were all the same crime. And those five counts were felony murder, which Mr. Miguel and Jose were charged with. Use of a firearm under Section 924 C to commit felony murder, which only Mr. Miguel was charged with. And then the predicate felonies that underlay the felony murder, which were two counts of attempted robbery and one count of burglary. And while it's proper for the government, or at least permissible for the government, to parse out a charge and separate it out into its components, greater inclusive offenses and lesser included offenses, there are consequences for doing so in certain circumstances. And the Supreme Court has indicated in the Rutledge decision that when you do this, when you charge in a single indictment and present in a single trial both the greater inclusive offense and a lesser included offense, the jury should be instructed not to reach a verdict on both, because if you have convictions on both, you have violated the rule of Rutledge. And that's why footnote 16 in Rutledge indicates that the problem that Rutledge was dealing with should not be frequently recurring. And in Rutledge, here was the situation. Rutledge was charged with CCE under 848 and conspiracy under 846 of Title 21. And the case went to trial, and he was convicted of both. And he was given concurrent life sentences on both. And the government argued a couple of things. One, they argued, and he raised, that is to say, Rutledge raised a double jeopardy claim on appeal. And his claim was a double punishment claim. And what Rutledge said was, look, I've been punished twice for the same offense because CCE is the greater inclusive offense of conspiracy, which is a lesser of CCE. And that was a point that at that time was somewhat in dispute, and the circuits were in disagreement. But the Supreme Court held in Rutledge they are. Conspiracy is a lesser of CCE. And so then the government said, well, be that as it may, look, Rutledge has suffered no consequence. He's got life on both, and it doesn't matter. And the court said two things. First, they said, well, that's true, but he also has a $50 special assessment on the conspiracy. So there's an actual punishment. Your defendant was tried simultaneously on all of these charges. That's right. And got a reversal on the greater charge. That's correct. And affirmed on that. What is your position on when jeopardy attached on the greater charge, the second-degree murder? Well, jeopardy attached at the time the jury was sworn. And jeopardy on the greater offense, I guess you could say, is still continuing. But what's important for this Court's analysis is not when jeopardy attached on that, but when did it attach on the lesser offenses, and when did it terminate on the lesser? Because jeopardy attached on all these offenses at the same time, namely when the jury was sworn. But jeopardy terminated on the burglary and the two attempted robberies at any one of three points. They terminated when the court, the district court, entered final judgments of conviction, albeit without sentencing on those counts, because the court recognized she couldn't sentence. It terminated when the defendants did not contest those convictions on appeal, and it terminated for sure when the Ninth Circuit affirmed those convictions. Well, let me ask you a question. You rely heavily on the Green case in your brief. Now, under the theory of double jeopardy that you propose, could Green have been retried for second-degree murder consistently with the protections of the double jeopardy clause? Yes, he could have. All right. And I think the Supreme Court said so. Okay. Well, then let me move on to Forsberg. Forsberg, yes. Isn't Forsberg controlling here? Well, if it is controlling, we win, although it's … Under what theory? Under the theory that Forsberg recognized and prefigured, as it were, the very conclusion of the United States Supreme Court in Rutledge. Forsberg, it's not 100 percent obvious, but it appears clear that Forsberg, the jury was properly instructed.  So that's how our jury should have been instructed, but they weren't instructed that way. And so then, in Forsberg, there was an actual acquittal on the greater offense, and the jury couldn't agree on the lesser offense. And so you don't have the kind of implied acquittal problem that you would have if the opposite was true. If the jury couldn't agree on the greater offense but acquitted on the lesser offense, the acquittal on the lesser offense constitutes an implied acquittal of the greater because you can't convict on the greater without redoing the same elements that are part of the lesser. But here's the key language in Forsberg, and I acknowledge that it is not the holding of the case. Right after the court analyzes this and talks about why the retrial jeopardy continued on the lesser because of the hung jury, the court acknowledged, this court acknowledged, that a conviction on either count would have been a bar to subsequent prosecution on the other count. And that's what we have here. Now, it's true that this circumstance that we have in this case on appeal is not usual, and, indeed, probably it shouldn't have occurred because the jury should have been instructed, if you convict Miguel on count one, don't deliberate and reach a verdict on counts three, four, and five, which are the lesser-included offenses. But the jury wasn't given that instruction, and they did convict. And then the defendants tried to remedy the problem because we moved to dismiss counts three, four, and five. And the government objected. And the district court refused to do it. And what the government said was this. Well, they made a proposal basically to vacate the convictions. It wasn't clear what that meant, but it was clear what they intended. And the government wanted to have options. And one option they wanted to have was if we were able to reverse the conviction on counts one and two, only count one as to Jose, the government wanted the option to retry the, quote, the whole package to a second jury. But if for some reason that couldn't work out, that couldn't happen, maybe, who knows, the exhibits burned up in a fire or their witnesses became unreliable or their principal witness made a statement saying he actually committed the murder, who knows? They wanted the option to reinstate counts three, four, and five and go to sentence. And the government wasn't entitled to that. When they got convictions on counts one, two, three, four, and five, they were entitled to one of two things. They were entitled to convictions as to Miguel on counts one and two, or they were entitled to convictions as to Miguel on counts three, four, and five. And as to Jose. Why does Forsberg say that? Forsberg doesn't say that explicitly because Forsberg is dealing with an acquittal and we're dealing with a conviction. And I think that the analysis, that the effect, the preclusive effect of a conviction and acquittal is not exactly symmetrical always. But what's clear from all the cases is that if the government had, say, gone to trial here on burglary or burglary and robberies and gotten a conviction, they couldn't have then come back and charged felony murder. Okay. But here it was a simultaneous trial. It was all together. That's right. And there were convictions on everything. That's right. And because of trial error, you received a reversal. And, I mean, that's clearly distinguishable than trying the lesser included offenses, you know, going all the way to trial and then saying, well, now we want to try you for a greater offense. It's distinguishable if you refuse to give effect to the legitimate jeopardy terminating effect of a final conviction. In other words, if the convictions on counts 3, 4, and 5 do not terminate jeopardy on those offenses and any offense is the same offense and under the law, constitutionally, under double jeopardy, the greater inclusive offense is the same offense as the lesser included. Well, I don't think you have any case exactly on point to your situation because your client was convicted of everything and then, you know, and was tried together on everything, which is different than being, you know, obviously acquitted on the lessers and then trying to charge someone with the greaters and, you know, any number of things. I mean, you do present, you know, you do present a different situation. Well, I don't – it's somewhat different, but I don't think it's governed by the principles that all these other cases are decided under. For example, Rutledge. Rutledge makes explicit that the government is not entitled to a conviction, a conviction, not just a sentence, on the greater and the lesser at the same time. And here we have this situation where they got that, which they weren't entitled to. So maybe you could blame the defendant and say, well, the government didn't offer the right instructions and neither did you, so quit griping about it. But then we tried to fix it, and we told them, look, you've got a double jeopardy problem here, and here's the fix. Well, I'm sure that you did try to fix it, but that's, you know, you can sort of understand why they may not have accepted your fix. Well, but they should have accepted it because there are consequences to making moves in litigation, and if you get what you want from the judge, you may find out that it has consequences you don't like later on, and that's what happened here. Suppose he's convicted on all counts. What's that? Suppose the charge had been simply first-degree murder. Felony murder. Felony murder. Okay. Excuse me. He was convicted. We reverse. Jeopardy continues. Exactly. Can he be retried? Exactly, he can. He can. He can. All right. Now we have a case where you have the greater offense and the lesser-included offense. He's convicted on all of them, and even though you tried to fix it. Well, which he shouldn't have been. Well, but he was. Yeah, he was. And now we reverse the greater conviction. And affirm the lessers. And why can he not be retried on the greater? Because he has been already convicted of the same offense. But he was convicted of all offenses in the first place anyway. That's right, which was wrong, but it happened. And then because you cannot be convicted twice in successive prosecutions of the same offense. But he wasn't convicted twice. It's not the same offense. It is the same offense constitutionally. Attempted robbery and attempted burglary are predicate offenses for felony murder, but it's not the same offense. It is exactly the same offense constitutionally because under the Constitution, under Blockberger, a lesser and a greater are the same offense. And the Supreme Court has said that repeatedly. In Blockberger, the jury writing case, the Texas jury writing case, whether he was convicted first of jury writing. No, that was Brown v. Ohio. Brown v. Ohio. Well, let's say Brown v. Ohio. That's a perfect example of where you can't be convicted of the greater after you've been convicted of the lesser. Because there's an element of the greater which was necessarily present in the lesser, which was found not to exist. Right. Which was the intent to permanently deprive the person of possession of property. No, Brown v. The Senate was convicted. He wasn't acquitted. He was convicted. That's right. But he's convicted of jury writing. Right. And then they wanted to prosecute him for stealing the property. Right. And that would have necessarily been a second conviction of jury writing. It would have been, yes. But here he was convicted of attempted burglary and attempted robbery. That would not necessarily be a conviction of felony murder, correct? It is, as this indictment was, and the government has always maintained, that the attempted burglary and attempted robberies are the predicate felonies upon which the felony murder is predicated and upon which the use of a firearm to commit felony murder is predicated. We can go back and forth for a minute. Thank you very much. Well, I guess I should sum up. So I would say that the only way to uphold what has gone on so far in the district court is basically to say that the convictions on counts three, four and five will have to be deprived of the legitimate jeopardy terminating effect. And that would be an unprecedented thing. And as far as I know, there's no case that holds that you can do that. You have final convictions. And the reason we have final convictions is because the government, number one, opposed the dismissal. And dismissal of some counts of the indictment when the court sentences on others is not an unusual thing. It happens all the time in guilty pleas. And it's the way that you reduce something to a final judgment when you have multiple convictions on what is the same offense. Do you have any case that's on all fours with the facts of this case where the charges were made in the same indictment, not in successive indictments? I don't think so, except for the wrongly decided Boyd case, which was from the Second Circuit. All right. You've answered my question. All right. Thank you. You have a little over five minutes for rebuttal. Thank you. Good morning, judges. My name is Ronald Johnson. I'm an assistant United States attorney representing the United States Attorney's Office for the District of Hawaii in this case. The first thing that I'd like to bring to the court's attention is the opinion in the underlying case of Miguel and Jose. Excuse me. In footnote three, it indicates other than Miguel's apprendee challenge to the district court's jurisdiction, which we reject, neither defendant challenges their convictions for attempted robbery, attempted burglary, possession of an unregistered firearm, or possessing a firearm while being an unlawful user of a controlled substance. Thus, we affirm those convictions. In footnote nine, the court again addressed the positions of the parties and said, the parties agreed that sentences for the underlying felonies would violate the double jeopardy clause. Therefore, the court only sentenced the defendants for the felony murder charges and the weapons charges. So a panel of this court already recognized that the district judge in this particular case took efforts to avoid the application of the double jeopardy provision. Well, but I think that their point there is that the court was aware of it and took efforts. But if the court's not right, it doesn't matter whether you try it or not. I think that that's their argument. So I still think we're back to do you have, just as we asked, do you have any case exactly on force, on all force, with the factual situation here? Your Honor, the closest case. So the answer there would be no. We're going to get close. Well, we're going to get very close. A lot closer than Mr. Wolf was able to bring us. And the case which is actually very difficult for Mr. Wolf and Mr. Edwards to distinguish, and that's Boyd versus Meacham, which was, in fact, a felony murder case. It's a Second Circuit case. Yes, it is. The case involved basically a felony murder offense and predicate offenses, as does the case herein. The defendant was convicted after trial of felony murder and the predicate offenses of burglary and larceny in the second degree. He appealed only his felony murder conviction, which is parallel to what happened here. They appealed the felony murder and, in Mr. Miguel's case, the use of a firearm in commission of a violent crime, which also carried a life sentence. The state, that matter then, went up, was reversed, and came back down. There was a preliminary hearing probable cause issue. They went back and recharged the defendant in that case, Boyd, with felony murder. The defendant moved to dismiss the felony murder charge on double jeopardy grounds. The court took the position that jeopardy continues through the appeal, the remand, and the retrial, and basically indicates that the second trial, at the defendant's own request, because he had, in fact, appealed his first conviction, is a facet of the original jeopardy and is not a second prosecution for the same offense. Okay, so he says that's wrongfully decided, and you say we should follow Boyd. Yes, Your Honor. Let me ask you this, counsel. In the Boyd case, taking off on what Mr. Wolf was saying, how did the court handle the rutledge argument that one can't be convicted of both the greater and the lesser included crime, that the court was in error in allowing the jury to both convict on the greater and the lesser included crime? It seems that, Your Honor, they looked at the charges as a package, and that jeopardy was started when the trial on those charges began, and then the appeal, which was a voluntary action by the defendants of one of the charges, the greatest charge, continued that jeopardy and created a span or an arch that ran through the appeal to the retrial. And they talk about the. Pardon me, I don't think you quite got my question. Mr. Wolf tells us that Rutledge holds a black letter law that one cannot correctly convict if both the lesser, the greater and the lesser in a felony murder situation cannot convict of felony murder and convict of a predicate crime. Ultimately, you might convict, you might quit on felony murder and convict of attempted robbery, but you can't convict of both the greater and the lesser crime. Do you agree with that reading of Rutledge? Your Honor, my reading of Rutledge is that when the court has to address a situation where that has occurred, it's always after the fact where a sentence has been issued. And Rutledge instructs the court upon remand that they are to vacate the lesser included offenses because there cannot be parallel sentences on a greater and a lesser because it violates the double jeopardy provision, which prevents double punishment. In this case, we have no double punishment because the judge correctly saw that there was an issue and did not sentence upon the lesser included offenses. As a matter of fact, in her findings and her ruling, she indicated that she found them to be informational, that count one was predicated upon them. So you would say to Mr. Wolf, Rutledge doesn't strictly hold there can't be convictions on the greater and the lesser. What it holds is there can't be sentences entered on the greater and the lesser. That appears to be what the Rutledge holding is. And even if there are convictions, Rutledge seems to indicate that there's a remedy where the court, such as this court, could remand the case with instructions to vacate the lesser included offenses, maintain the sentence on the greater offense, and there would not be a violation. So it's indicating that there's a remedial measure that the court can take. So under those circumstances, would the defendant be sentenced on the lesser included offenses, having been convicted on the greater felony murder charge? That would be our position, Your Honor. And that's the position we took below with the district court, that it would not be a proper sentence because that would violate the third prong of the double jeopardy provision. Well, that's pretty much black letter law, right? Yes, Your Honor, which bars double punishment. But in Boyd v. Meacham, the issue that they were looking at there was the underlying offenses. And where they come out on that was they said that because jeopardy was still running on the greater offense and jeopardy terminated or the triggering event, as Mr. Wolf argues, the judgment on the predicate offense occurs after the beginning of the jeopardy for the greater offense, that triggering event, that conviction or the judgment by the jury, cannot predate the attaching of the jeopardy on the greater offense. And therefore, he can't get back so that that lesser triggers and bars the prosecution on the greater, which is where most of the cases that the defense has cited go. It's two separate prosecutions brought on charges that could have been brought in the same indictment. But for some reason, the prosecuting authority brought them separately. And if you go on the lesser and that runs its course, it prevents and bars the bringing of the greater. And that's clear. But in this case, we brought the greater, jeopardy attached on the greater when the jury was sworn. That predates the termination of the robbery and the burglary charges. So the robbery and the burglary charges can't jump back and prevent or pose a bar pursuant to Meacham. That's how the Meacham court appears to have dealt with it. And that's Boyd v. Meacham again, a Second Circuit case. Which, of course, is not binding on us, but we certainly can choose to follow it. What do you do with the Forsberg case? Your Honor, Forsberg indicates that the offenses that were charged in this particular case, the package of offenses, were properly brought together in one prosecution. Forsberg was charged with assault with intent to commit murder and assault with a knife, a dangerous weapon. One being the lesser included of the other, with intent to do bodily harm on the second one. Both alleged to have occurred on the same day, clearly covering the same incident. The jury found not guilty on count one and then mistried on count two. Forsberg was retried and convicted on count two. And again, there was no objection to the mistrial, as there was no objection by the defendants in this case on appeal. They did not raise on appeal, their initial appeal, the issues of the underlying... That mistrial there, though, was on the lesser, correct? The mistrial there was on the lesser? Yes, on count. And the acquittal was on the greater? That is correct, Your Honor. So it isn't really, it isn't factually... No, it's not exactly on point, but the issue is, could Forsberg be retried and convicted on count two? And that panel gave some information which is helpful to Your Honors, and that is that it's proper in such cases to prosecute the accused under an indictment with separate counts charging each of the offenses, while two statutory offenses are charged in the case. They describe but one assault. So they both constituted two differing charges with potentially different penalties for the same conduct. So he couldn't have been convicted of both. Had the appellant been found guilty on both counts, the imposition of more than one sentence would have been illegal. That's what Forsberg says. So here again, we come back to the same situation. The imposition of more than one sentence in this particular case would have been prohibited, but the judge did not issue more than one sentence. And the jeopardy began on all counts at the same time, and then carried over based upon the defendant's own election to appeal, because they wished to take issue with how the judgment was reached. They chose what to appeal. And by appealing, they knew that one of the likely results could have been reversal, which they were seeking, and a remand for retrial. And that's what the original Miguel opinion states. So even the first panel that addressed this was contemplating that there would be a retrial when it came back down. The district court also noted that in her findings. So everyone who had looked at it at that point was anticipating that it would come back down for retrial. And that's the government's position in this case, that it should be allowed to retry the defendants on the two greater offenses. The defendants tactically chose not to appeal the lesser offenses, and there were no sentences on the lesser offenses. But do you now concede that those convictions were final? I read from the papers you did not concede that before. But do you now concede that the convictions were final? I think the court has to look to the judgments, and it appears from the judgments that the court did enter judgment but made notations, and those are, I believe, in the excerpts of record. Basically, the court took no action on those, and pursuant to her findings, indicated that. They were informative. They provided the substance and the basis. They clearly existed on the final judgments. No separate sentencing on those? With no sentences issued on those and a notation on the judgment, both for Mr. Miguel and Mr. Jose, indicating that the court was recognizing a sentence would be improper. In Forsberg, they did hold that a conviction on either count would have been a bar to a subsequent prosecution on the other count. But it must be noted that the panel in Forsberg correctly recognized that Nielsen and the other cases, which they were asked to examine, the same cases that the defense asked this panel to examine, referred specifically to subsequent prosecutions under a new indictment for a lesser offense after prosecution and acquittal of a greater offense. We're still in the same prosecution here. We haven't finished what we started. The jeopardy is continuing, and it hasn't terminated on the greater offenses, and the package that was presented to the jury included the lesser offenses. As a matter of fact, during part of the case, as indicated in the judgment, the defense was asking for lesser-included offenses. So it's odd to say that lesser-included offenses cannot be considered in the course of greater offenses. There were no lesser-included to felony murder. But the error that caused reversal was that they weren't told to acquit first on the greater before they went to the lessers, right? The error that caused the reversal in the first appeal, Your Honor, was an objection and the sustaining of the objection during closing argument where Mr. Wolfe made a claim that he had a theory of the case that there was another person who fired the gun, and it was not his client. That the judge made a ruling that there was insufficient evidence to support that and cut off that line of argument. That was why this case was reversed. It did not deal with the structure of the... Can I hear him say something, though, to that effect? Your Honor, if he did, I'm unaware. Okay. So Forsberg does come back to the point, though, that retrial on a reverse count is proper. And they indicate that the lesser-included offenses in that package, that charging package, were proper. It makes sense for a jury to receive the predicates along with the greater offenses. The reason being, they're being asked to find, as part of the greater offense, that that lesser robbery or that lesser burglary occurred. So if you give them just the greater instruction, which includes felony murder as a taking of the life of another during the course or flight from a robbery, burglary, you must find a robbery, you must find a burglary, it is a cleaner package and more understandable to the jury for them to see here's the robbery, here's the burglary, this is what's required. Felony murder requires us to find those offenses. So from a standpoint of presenting the package to the jury and having them understand what they're being asked to do, it is a cleaner way to do things. Whether or not the court in this particular case might have given better instruction as to how to proceed through those offenses, that's open to interpretation as Mr. Wolf takes one position and I would take the other. Does the Court have any further questions? There don't appear to be further questions. Thank you for your argument. Thank you for your time. The rule of Rutledge is not simply that double punishments or double sentences are impermissible. Rutledge stands for the proposition that two convictions for the greater and the lesser are impermissible. And the Court, in fact, rejected the government's argument that the conviction should be allowed to stand as a so-called back-up conviction. And here's what the Court said. If we ignore the assessment, this was the $50 special assessment, as the government requests the force of its argument would nonetheless be limited by our decision in ball of the United States. And then they talk about ball. They say the second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, they're emphasizing conviction with italics, apart from the concurrent sentence has potential adverse collateral consequences that may not be ignored. And then they describe some of those. And they conclude, thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment. So it's the conviction itself that constitutes the impermissible double punishment. And here we clearly have convictions. And those convictions have consequences. Now, Boyd, here's the problem with Boyd. Boyd made a... rendered your client, Jose, by the convictions of attempted burglary and attempted robbery. It's the existence of the conviction itself. As a predicate for the felony murder, which has to be retried. No, no, no, no. It's the existence of two convictions for a greater offense and its lesser included by itself violates the double jeopardy clause. Because of the three strikes argument? No, because double jeopardy prevents you from being twice convicted for the same offense. And the lesser and the greater are the same offense constitutionally under the clause. So you've been convicted twice. And the government was arguing in Rutledge, look, Rutledge has suffered nothing from the second conviction. He's got concurrent sentences. Forget about the 50 bucks. He didn't even object to that. And the Supreme Court said the conviction itself has consequences, collateral consequences. Well, let's say they had affirmed the murder here. And then it went back. And then at time of sentencing, you're making the argument, well, you know, you've been improperly convicted of all of these offenses. What about counsel's statement that the remedial approach to that is then you vacate the convictions on the lesser offenses and you sentence on the greater? Isn't that what happens in that situation? It is what happens in that situation. Well, I don't think it's not clear from Rutledge that you have to vacate the lesser and sentence on the greater. It may be the other way around, actually. But you have to vacate one of those. And I would think after vacating it, you have to, if you're the district court, dismiss that count of the indictment because there should not be a second conviction for what is constitutionally the same offense. But it doesn't vacate the entirety. It leaves something. That's right. It leaves something. And here, if we're right, which I think we are. Well, would the district court in that situation have the authority to vacate the murder and sentence on the lessers in that situation? I mean, you sort of just implied that. I don't think you could do that. Well, I don't know if you could or you couldn't. But since they're the same, I mean, I'm sure the government would have, since they're the same offense constitutionally, maybe the government gets to pick which one they want to keep. But they're not entitled to both. And that's really the point of how we got here. Because the Double Jeopardy Clause really is limited or is attempting to curb some kind of overreaching by the prosecutor. Mr. Johnson is a perfectly nice fellow. By asking for and obtaining and maintaining convictions on the same offense more than once, when he wasn't entitled to, when the government wasn't entitled to, they overreached. And that's the exact thing the Double Jeopardy Clause is designed to prevent. But suppose, as Ed Callahan suggests, the simple remedy is to suggest that they vacate the lesser included offenses. But jeopardy is terminated on those offenses. So, in effect, you're saying, Your Honor, that those aren't really final offenses. Because he wants to retry my client a felony murder, those can't really be final because if they were, there's a problem. So if they're not final, then what are they? I mean, they were entered as final judgments by the district court. They were affirmed on appeal. They were contested on appeal. If they're final, they're preclusive. And that's why we think, by the way, where Boyd went wrong is, number one, the result in Boyd is inconsistent with the Brown case, and number two, Boyd focused on the notion that what the Double Jeopardy Clause prevents is a second prosecution. That's not true. What the Double Jeopardy Clause seeks to prevent is a second trial in which you might be again convicted of an offense you'd already been convicted of or convicted of an offense of which you'd already been acquitted. We're on the first part of that. They seek a second trial to convict us of an offense of which we've already been convicted because, as I've said, the lesser and the greater are the same offense under the Double Jeopardy Clause. All right. Well, we have your arguments well in mind, Mr. Wolfe, and thank you for your argument as well. The matter will now stand submitted. The Court calls the United States of America the Pulutani-Lattu. That matter, that's case number 04-10071. Submission has been deferred on that matter pending decision in the U.S. v. Ameling 02-30326. The panel retains jurisdiction on this case. Next on calendar, the Court calls the United States of America v. Rene Rose Duenas-Diaz 04-10168.
judges: D.W. Nelson, Callahan, Bea